# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

MICHAEL SHANE,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

Case No. 2:16-cv-02263-CWH

**ORDER**

The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Michael Shane's ("Plaintiff") application for disability insurance benefits under Title II and Title XVI of the Social Security Act. The court has reviewed Plaintiff's motion to remand (ECF No. 19), filed May 4, 2017, and the Commissioner's response and cross-motion to affirm (ECF Nos. 26, 27), filed August 23, 2017. The parties consented to have a United States magistrate judge conduct all proceedings in this case and order entry of a final judgment under 28 U.S.C. § 636(c). (Consent (ECF No. 22).)

## A. BACKGROUND

**1. Procedural History**

In September 12, 2011, Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, alleging an onset date of July 28, 2011. AR[1] 105-106, 426-434. Plaintiff's claim was denied initially, and on reconsideration. AR 87-90, 98-99. A hearing was held before an Administrative Law Judge ("ALJ") on February 26, 2015. AR

---

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 11).)

1  466-500.  On May 14, 2015, the ALJ issued a decision finding Plaintiff was not disabled.  AR 24-
2  41.  The ALJ's decision became the Commissioner's final decision when the Appeals Council
3  denied review.  AR 4-7.  Plaintiff, on September 27, 2016, commenced this action for judicial
4  review under 42 U.S.C. §§ 405(g).  *See* ECF Nos. 1, 3.

**2.	The ALJ Decision**

The claimant met the insured status requirements of the Social Security Act through September 30, 2013.  AR 29.  The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920.  AR 29-37.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of July 28, 2011.  AR 29.  At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of rhabdomyolysis, degenerative disc disease of the cervical spine status post neck fusion surgery, obesity, sphenoidal meningioma, migraine headaches, and seizure disorder.  *Id.*  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1.  AR 30.  At step four, the ALJ found that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with lifting and carrying ten pounds frequently and twenty pounds occasionally, sitting, standing, and walking six hours each in an eight hour workdays, occasional reaching overhead with the left arm, and avoiding all exposure to heights and dangerous moving machinery.  *Id*.  The ALJ also noted that Plaintiff is unable to perform past relevant work.  AR 35.  At step five, the ALJ found that Plaintiff is approaching advanced age, has at least a high school education, and is able to communicate in English.  AR 36.  Considering the Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  *Id.*  Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from July 28, 2011, through the date of the decision, on May 14, 2015.  AR 37.

/ / /

/ / /

## B. DISCUSSION

### 1. Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner *de novo*. *See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation.

*See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**2.  Disability Evaluation Process**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If

the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3.   Analysis**

Plaintiff moves to remand this matter, arguing the ALJ improperly rejected the opinions of non-examining state consultants, Dr. Dougan and Dr. Arnow, regarding Plaintiff's ability to use his left arm. According to Plaintiff, Dr. Dougan said in pertinent part that Plaintiff can occasionally reach overhead, front, and/or laterally bilaterally. AR 61. Dr. Arnow said that Plaintiff has the ability to frequently push and pull with the left arm, and that Plaintiff could

occasionally reach in all directions with the left arm.  AR 51.  The ALJ found that Plaintiff had the RFC to occasionally reach overhead with the left arm.  AR 30.   The ALJ indicated that he did not fully accept the opinions because they appeared to be an overestimate of Plaintiff's postural, manipulative and environmental limitations given the objective evidence of record.  AR 34.  Plaintiff argues that the ALJ seems to have arbitrarily rejected Dr. Dougan and Dr. Arnow's opinions without providing any specific reasoning.   The Commissioner responds that the ALJ properly considered the state agency opinions and other evidence in arriving at the RFC.

It is the ALJ's duty to review and interpret the medical opinion evidence and state his findings.  20 C.F.R. § 404.1527; *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (the specific and legitimate standard was met where the ALJ "summarized the facts and conflicting clinical evidence in detailed and thorough fashion, stating his interpretation and making findings").  And the ALJ is not required to accept all the limitations found by the state agency doctors.  *Id*. (when weighing a medical opinion, the ALJ can consider some portions less significant than others when evaluated against other evidence in the record).

Here, the ALJ noted that treatment records at Red Rock Medical Group and at Desert Neurology indicated that Plaintiff was singing and playing the piano, but would like to get back to playing the guitar.  His left arm seemed to be improving, and he continued to do well and had some mobility back in his left arm.  He reported that he was going to physical therapy with improvement with his left arm with strength and size, but had recently fallen.  AR 33.

The ALJ discussed Dr. Veerappan's opinion, but gave it no weight.  Plaintiff did not object to the rejection of Dr. Veerappan's opinion.  Nevertheless, the ALJ noted that Dr. Veerappan's more recent records indicated that Plaintiff reported better mobility with his arms, although he claimed soreness thereafter, and that he could play the piano for five days for three hours with pain for the first month but was becoming better later.  Although he had difficulties holding a microphone in his hand, and reported left shoulder pain, he was able to lift his arm above the shoulder at times and stated he was able to do a part time job with pain pills.  AR 33-34.

/ / /

The ALJ discussed Dr. Cabaluna's opinion that the Plaintiff had the RFC to perform medium work with occasional crawling, but all other postural activities could be performed frequently. Dr. Cabaluna opined that Plaintiff was limited in his abilities to engage in reaching on his left side. Dr. Cabaluna believed that claimant had the RFC to perform medium work with occasional crawling, but all other postural activities could be performed frequently. The ALJ gave partial credit to Dr. Cabaluna's opinion but ultimately partially rejected the overall assessment because it was an overestimate of Plaintiff's ability. AR 34. Plaintiff did not object to the limitation of Dr. Cabaluna's opinion.

The ALJ discussed the determinations of the Disability Determination Services State agency medical consultants (Drs. Arnow and Dougan) who determined, in pertinent part, that Plaintiff had postural, manipulative, and environmental limitations, but he did not fully accept them because they appeared to overestimate Plaintiff's ability given the objective evidence in the record. As Plaintiff noted, Dr. Dougan said that Plaintiff can occasionally reach overhead, front, and/or laterally bilaterally. AR 61. Dr. Arnow said that Plaintiff has the ability to frequently push and pull with the left arm, and that Plaintiff could occasionally reach in all directions with the left arm. AR 51.

Under these circumstances, the ALJ did not err when he considered the clinical evidence and stated his RFC conclusions that included a limitation that Plaintiff could occasionally reach overhead with the left arm. The ALJ evaluated the various conflicting medical evidence and opinions and made a rational interpretation of the overall record. *See Batson*, 359 F.3d at 1196 ("When evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ"). It is within the ALJ's province to resolve any conflicts in opinion and interpret the medial opinion evidence. *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007).

In arriving at his final determination that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, the ALJ's hypothetical question to the VE included the RFC limitation that a person similar to Plaintiff can occasionally "reach overhead with his left arm." AR 497. The VE identified jobs as Inspector, Counter Clerk, and Mail Clerk.

Plaintiff's representative asked the VE a hypothetical question whether, if Plaintiff had no use of his left arm, would there be any jobs left. The VE indicated that the jobs of Inspector and Mail Clerk would be eliminated. Plaintiff therefore argues that the ALJ erred in finding that there were significant jobs. Plaintiff did not, however, point to any objective medical evidence, other than the rejected opinion of Dr. Veerappan, indicating that Plaintiff had no use of his left arm. The ALJ indicated that he considered and rejected the additional hypothetical asked by the claimant's representative because he found no objective evidence of record to support any additional limitations. AR 36. The ALJ is required to rely on those hypothetical questions that accurately reflect the limitation established by the record but is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence. *Osenbrock v. Apfel*, 240 F. 3d 1157, 1163 (9th Cir. 2001). Accordingly, the ALJ discussed the evidence in the record, and set forth valid reasons, supported by clear and convincing evidence, to arrive at his final determination.

## **C. CONCLUSION**

Viewing the evidence as a whole, the court finds that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (ECF No. 19) is DENIED.

IT IS FURTHER ORDERED that the Commissioner's cross-motion to affirm (ECF No. 26) is GRANTED.

IT IS FURTHER ORDERED that the clerk of court must enter judgment in favor of Nancy A. Berryhill, Acting Commissioner of Social Security, and against Plaintiff Michael Shane.

DATED: July 3, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE